UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ROBERT L. MURRAY, *a/k/a Leviticus Bomfet
Lucfer* and SHAQUAN BUTLER,

                              Plaintiffs,

                         -v.-

CITY OF NEW YORK, 15 JOHN DOE C.O., 2 JOHN
DOE CAPT., 2 JOHN DOE DEPT., 1 JANE DOE
DEPT., and 2 JOHN DOE CHS STAFF,

                              Defendants.

---

23 Civ. 458 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

Plaintiff Robert L. Murray, who is currently detained at the George R.
Vierno Center ("GRVC") on Rikers Island, brings this *pro se* action under 42
U.S.C. § 1983, alleging that Defendants used excessive force against him. By
order dated February 3, 2023, the Court granted Plaintiff Murray's request to
proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

As set forth below, the Court: (i) dismisses without prejudice any claims
Plaintiff asserts on behalf of Shaquan Butler and others; (ii) requests the City
of New York waive service of summons; (iii) directs the City of New York and
NYC Health + Hospitals to assist Plaintiff in identifying the correction and the
Correctional Health Services ("CHS") staff members involved in the alleged
deprivation of Plaintiff's rights; (iv) applies Local Civil Rule 33.2 to this action;
and (v) refers Plaintiff to the New York Legal Assistance Group's Clinic.

---

[1]    Prisoners are not exempt from paying the full filing fee even when they have been
       granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A. Claims on Behalf of Others

Plaintiff Robert Murray brings this action on behalf of himself and Shaquan Butler, who has not signed the complaint. He also writes at the top

of the form complaint "Plaintiff 1# Class Action." (Dkt. #2). To the extent that Plaintiff Murray seeks to bring this action on behalf of Shaquan Butler and others, his request is denied. The statute governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Lattanzio* v. *COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs.* v. *Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause." *Iannaccone* v. *Law*, 142 F.3d 553, 558 (2d Cir. 1998); *see also United States* v. *Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney 'may not appear on another person's behalf in the other's cause.'") (citations omitted). Although the docket reflects that Shaquan Butler is being represented by himself, *pro se*, the Court understands from the complaint that only Robert Murray brings this action. Further, as a nonlawyer cannot bring suit on behalf of others, a *pro se* plaintiff cannot act as a class representative. *Rodriguez* v. *Eastman Kodak Co.*, 88 F. App'x 470, 470 (2d Cir. 2004) (summary order); *Phillips* v. *Tobin*, 548 F.2d 408, 412-15 (2d Cir. 1976). The Court therefore construes this action as asserting claims solely on behalf of Robert Murray, the only person who signed the complaint, and dismisses without prejudice all claims asserted on behalf of Shaquan Butler and others. All references to Plaintiff in this Order are to Robert Murray.

**B.      City of New York**

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order.  The Court requests that the City of New York waive service of summons.

**C.      John/Jane Doe Defendants**

Under *Valentin* v. *Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant.  121 F.3d 72, 76 (2d Cir. 1997).  In the complaint, Plaintiff appears to supply sufficient information to permit the government to identify the John and Jane Doe Defendants who allegedly violated his rights on October 3, 2022, by using excessive force against him in the intake areas of the North Infirmary Command ("NIC") and GRVC, and then denying him medical care for his injuries.

It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Department of Correction ("DOC"), must ascertain the identity and badge number of each John Doe correction officer whom Plaintiff seeks to sue here and the address where each defendant may be served.[2]  It is also ordered that the NYC Health + Hospitals ("H+H"), which is the medical care provider for all DOC facilities, must ascertain the identity of each John Doe medical staff member whom Plaintiff

---

[2]      If a Doe defendant is a current or former DOC employee or official, the Law Department should note in the response to this Order that an electronic request for a waiver of service can be made under the e-service agreement for cases involving DOC defendants, rather than by personal service at a DOC facility.  If the Doe defendant is not a current or former DOC employee or official, but otherwise works or worked at a DOC facility, the Law Department must provide a residential address where the individual may be served.

seeks to sue here and the address where each of these defendants may be served.  The New York City Law Department and H+H must provide this information to Plaintiff and the Court within 60 days of the date of this Order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint.  An amended complaint form that Plaintiff should complete is attached to this Order.  Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order asking the named defendants to waive service or directing the Clerk of Court to complete and deliver all documents necessary to the U.S. Marshals Service to effect service on the named defendants.

**D.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of service of the complaint, Defendants must serve responses to these standard discovery requests.  In their responses, Defendants must quote each request verbatim.[3]

---

[3]     If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**E.     New York Legal Assistance Group**

Plaintiff may consult the legal clinic opened in this District to assist people who are parties in civil cases and do not have lawyers.  The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007.  Once the paperwork is received, the Clinic will coordinate contact with the litigant.  Once received, it may take up to two weeks for the Clinic to contact the litigant.  Copies of the Clinic's flyer, retainer, and intake form are attached to this Order.

## CONCLUSION

The Court dismisses without prejudice all claims asserted on behalf of Shaquan Butler and others.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is further directed to mail a copy of this Order and the complaint to: (i) New York City Law Department, 100 Church Street, New York, New York 10007; and (ii) NYC Health + Hospitals at 50 Water Street, New York, New York 10004.

Local Civil Rule 33.2 applies to this action.

Plaintiff is referred to the NYLAG Pro Se Clinic.  Copies of the Clinic's flyer, retainer, and intake form are attached to this Order.

The Clerk of Court is directed to mail an information package to Plaintiff, in addition to a copy of this Order.  An Amended Civil Rights Complaint form is also attached to this Order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *Cf. Coppedge* v. *United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:  March 8, 2023
       New York, New York

_____
    KATHERINE POLK FAILLA
    United States District Judge



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Centre Street
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



**NYLAG**

New York ▬ Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE
## SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.  FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.

_____            _____

Signature                                                             Date

**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

Revised 10/30/22

# NYLAG
**New York** | **Legal Assistance Group**

**Name** _____    **Date of Birth** _____

**Facility** _____

**Identification #** _____    **Email (if available)**_____

**How did you hear about our clinic? (Circle One)**

| | | |
|---|---|---|
| Pro Se Intake Office | Order/Letter from the Judge | Conference/Hearing with the Judge |
| Pro Se Information Package | Website | Friend/Family |
| Other _____ | | |

**Ethnicity (Circle One)**

| | | |
|---|---|---|
| Asian/Pacific Islander | Hispanic | Caucasian |
| African American | Middle Eastern | Decline to Answer |
| African | Caribbean | |
| Native American | South Asian | |

**Education Level (Circle One)**

| | | |
|---|---|---|
| 8th Grade or Less | GED | 2-4 years of College/Vocational School |
| Some high school | College graduate | Decline to Answer |
| High school graduate | Graduate degree | |

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial                Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                      Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

Page 2

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____