USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/25/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT L. MURRAY,

                Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                Defendants.

23-CV-00458 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

    Plaintiff Robert L. Murray initiated this *pro se* action on January 17, 2023 alleging that Defendants used excessive force against him while he was incarcerated at a New York correctional facility. Dkt. No. 2. On February 3, 2023, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP") pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. On July 13, 2023, the Court stayed this action at Plaintiff's request due to his hospitalization. Dkt. No. 15. On April 4, 2025, in a separate action in this District, Judge Clarke revoked Plaintiff's IFP status pursuant to Section 1915(g) of the PLRA. *See Murray v. City of New York, et al.*, No. 24-CV-03758 (JGLC) (SDA) (S.D.N.Y. April 4, 2025)..[1] Presently before the Court is Defendant City of New York's letter-motion requesting that the Court take judicial notice of Judge Clarke's decision and revoke Plaintiff's IFP status. Before revoking Plaintiff's IFP status, the Court ORDERS Plaintiff show cause why his IFP status should not be revoked.

    Section 1915(g) of the PLRA (the "Three-Strikes Provision") "bars a prisoner from proceeding IFP . . . if on three or more occasions while incarcerated, he has brought an action or an appeal that was 'dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Griffin v. Carnes*, 72 F.4th 16, 18 (2d Cir. 2023) (quoting 28 U.S.C. § 1915(g)). This bar does not apply, however, if "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In *Murray v. City of New York, et al.*, No. 24-CV-03758 (JGLC) (SDA) (S.D.N.Y. March 3, 2025), the court found that Plaintiff had accumulated three strikes pursuant to the Three-Strikes Provision based upon the following cases: *Murray v. Fischer et al.*, No. 12-CV-01782 (FJS) (TWD) (N.D.N.Y. 2012); *Murray v. Nephew*, No. 12-CV-01783 (FJS) (CFH) (N.D.N.Y. 2012); *Murray v. Gillani*, No. 13-952 (2d Cir. 2013).

    The Court has reviewed these cases and finds that each was "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). First, in *Murray v. Fischer et al.*, No. 12-CV-01782 (FJS) (TWD) (N.D.N.Y.

---

[1] In a letter filed in this action on December 2, 2024, Plaintiff identified himself as the Plaintiff in both this action and Case No. 24-CV-03758. *See* Dkt. No. 24.

1

2012), the court dismissed Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B) "for failure to state a claim upon which relief may be granted, without further leave to replead." Dkt. No. 13 at 12. A dismissal on the grounds that an action fails to state a claim upon which relief may be granted is a strike under the PLRA. *Griffin*, 72 F.4th at 18. Second, in *Murray v. Nephew*, No. 12-CV-01783 (FJS) (CFH) (N.D.N.Y. 2012), the court dismissed Plaintiff's claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* Dkt. No. 28 at 2. A case that is dismissed pursuant to Fed. R. Civ. P. 12(b)(6) constitutes a strike under the PLRA. *See Warren v. Hip-Hop Hall of Fame*, No. 22-CV-7874 (LTS), 2022 WL 16950493, at *1 (S.D.N.Y. Nov. 14, 2022). Third, in *Murray v. Gillani*, No. 13-952 (2d Cir. 2013), the Second Circuit dismissed Plaintiff's appeal "because it lacks an arguable basis in law or fact." *See* Dkt. No. 38 at 2. An appeal is frivolous [under § 1915] if it has no arguable basis in law or fact. *Pillco v. Sessions*, 718 F. App'x 45, 47 (2d Cir. 2017). Accordingly, Plaintiff accumulated three strikes under the PLRA in advance of filing this action and is therefore barred under Section 1915(g) from filing any actions IFP absent a showing of imminent danger.

"A pro se litigant is generally entitled to notice and an opportunity to be heard before the Court issues a final decision that is unfavorable to the litigant." *Warren*, 2022 WL 16950493, at *2 (S.D.N.Y. Nov. 14, 2022). Accordingly, Plaintiff may submit a declaration showing that (i) he has **not** filed three or more cases that were dismissed as frivolous, malicious, or for failure to state a claim while he was a prisoner, or (ii) that he is in imminent danger of serious physical injury. Plaintiff must submit this declaration by no later than **December 22, 2025**. If Plaintiff fails to respond or fails to show good cause by demonstrating one or both of the factors listed above, the Court will revoke Plaintiff's IFP status. Plaintiff's December 22, 2025 submission should also state whether Plaintiff continues to seek to prosecute this case and, if so, whether the stay on this case should be lifted.

## CONCLUSION

Plaintiff is directed to respond to this Order by no later than **December 22, 2025.** The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff at the following addresses[2]:

B&C: 9902300038
Bellevue Hospital
462 1st Ave 19 West
New York, NY 10016

---

[2] On July 8, 2025, Plaintiff filed a letter indicating a change of address in the case *Murray v. City of New York et al* (JLR) (OTW), No. 24-CV-04918.

B&C: 9902300038
Manhattan Psychiatric Center
102 River Edge Rd. Ward 3A
Manhattan, NY 10035

Dated: November 25, 2025
New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge